The opinion of the court was delivered by
Manning, C. J.
Hugh Allison & Co., judgment creditors of one Hair, with a recognized mortgage upon, his land, issued execution, under which the sheriff seized the land, and advertised it for sale. The plaintiffs *1235 unjoined, claiming title under a tax deed, confirmed by another deed, more than six months thereafter, from the Auditor. The judgment of Allison & Co. was obtained in December 1874. The deed of the tax collector to Jurey & Gillis is dated the ensuing month, and the confirmatory title of the Auditor in August 1875. The writ of fieri facias of Allison issued in 1877, and was injoined in March of that year.
The defendants pleaded the general issue, and in special defence, •aver that the tax title from the collector to the plaintiffs is a simulation— that no sale was made on the 6th of January as that deed recites — that the deed was not executed on that day, or in the presence of the witnesses whose names appear upon it, but in New Orleans, and at a subsequent time — that Hair remained in possession of the land, living on it as heretofore.
The plaintiffs excepted, and moved to strike from the answer all that portion that charged informalities and irregularities in the title, and the ■acts of the officer which preceded it. This was refused, but leave was reserved to object to the reception of testimony under those allegations. 'Objection was accordingly made, the testimony was admitted, and a bill was reserved.
The allegation of simulation is that the sale was not a reality — that fit was not intended to convey an actual title, but was only a pretence, while the real ownership remained in the party conveying, or in some •other person than the party to whom the conveyance was made. It is obvious that the defendants do not mean to plead that the title of the tax collector was of that nature. The substance of their plea is, that the tax title was void because of irregularities of the officer making it, and they can not change its character by misnaming it. It is not a charge of simulation, and therefore the authorities, cited by defendants ■•in support of their right to attack it under such a charge, are not applicable.
The objection of the plaintiffs to the testimony was that a tax title, ‘like a sheriff’s title, can not be disregarded, and the property conveyed 'by it can not be seized by a judgment or mortgagemreditor of the former owner, until he has first successfully attacked the deed in a direct •action for its revocation. This was held to be good law in Lannes v. Work. Bank, 29 Annual, 112. Since the present Constitution has been in force, our courts are required to consider tax titles as prima fade valid. They are placed on the same footing as titles acquired at judicial sales, • and are now subject to the same rules as sheriff’s deeds. Until annulled in and by the revocatory action, they are presumed to be valid.
The title of the tax collector was confirmed by the Auditor in August 1875, more than six months having intervened since the date of the first ■deed. The plaintiffs leased the property to Mrs. Hair for 1876, and were *1236 therefore apparently in possession under their title — were really so, if the lease was a verity. Being in possession of the land under the deed of the tax collector, and the confirmatory title of the Auditor, the seizure of the land under the process of the defendants was unlawful, and the injunction prohibiting its sale was rightly issued.
The judgment of the lower court dissolved the injunction. We shall reverse it.
It is ordered and decreed that the judgment of the lower court 'is avoided and reversed, and that the injunction is perpetuated, reserving to the defendants the right to attack the title of the plaintiffs in a direct action. It is further adjudged and decreed that the plaintiffs’ demand for damages is disallowed, and that they recover of the defendants their costs in both courts.
Rehearing refused.